## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH ARVELO, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ANDREW M. SAUL, | : | No. 20-cv-00213-RAL |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM OPINION

**RICHARD A. LLORET**                                       **March 29, 2021**
**U.S. MAGISTRATE JUDGE**

Elizabeth Arvelo appeals the final decision of the Commissioner of Social Security denying her request for benefits. Doc. No. 2. On October 4, 2017, the Administrative Law Judge (ALJ) found that Ms. Arvelo was not disabled prior to April 26, 2017, but that she was disabled on that date and that her disability would last for the twelve months following that date. Administrative Record ("R.") 35–43. Ms. Arvelo has failed to file an appropriate Brief and Statement of Issues in Support of Request for Review in accordance with this Court's Standing Procedural Order for Cases Seeking Social Security Review. *See* Doc. No. 5. On February 18, 2021, I ordered Ms. Arvelo to show cause as to why I should not dismiss her case and to simultaneously file her brief. Doc. No. 20. To date, Ms. Arvelo has not complied with my Order to Show Cause. As a result, I will dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

## PROCEDURAL HISTORY

On January 13, 2020, Ms. Arvelo, acting through her attorney Rania M. Major, initiated this action by filing a Complaint and filed a motion for leave to proceed *in*

*forma pauperis*. Doc. Nos. 1, 2. Judge Rueter—the judge previously assigned to this case—granted Ms. Arvelo leave to proceed *in forma pauperis*. Doc. No. 4. On September 14, 2020, this case was reassigned to me. Doc. No. 16. On December 2, 2020, after a stay and three extensions due to complications caused by the COVID-19 pandemic, the Commissioner filed its Answer and certified electronic administrative record. Doc. No. 19.

Ms. Arvelo's Brief of Issues for Review was due on January 13, 2020—forty-five days after the Commissioner filed an Answer and certified electronic administrative record. On February 18, 2021, after Ms. Arvelo's deadline to file her brief came and went without any action, I filed an Order to Show Cause. Doc. No. 20. In that Order, I directed Ms. Arvelo to show cause, in writing, as to why I should not dismiss her case and to simultaneously file her brief within thirty days. *Id*. Neither Ms. Arvelo nor her attorney has responded to the Order to Show Cause.

## DISCUSSION

A district court may dismiss an action if a plaintiff fails to prosecute the case or comply with a court order. *See* Fed. R. Civ. P. 41(b); *see also Allen v. Am. Fed. of Gov't Emps.*, 317 F. App'x 180, 181 (3d Cir. 2009) (not precedential) ("A court may dismiss a case with prejudice for want of prosecution under Fed. R. Civ. P. 41(b) in order to achieve the orderly and expeditious disposition of cases . . ." (citing *Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994))). Federal Rule of Civil Procedure 41(b) has been interpreted to allow a court to dismiss an action for failure to prosecute sua sponte. *Shields v. Comm'r of Soc. Sec.*, 474 F. App'x 857, 858 (3d Cir. 2012) (not precedential). However, before doing so, the district court generally must evaluate the factors identified in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). *See, e.g.*,

*Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 131–32 (3d Cir. 2019); *Rawls v. Gibbs*, 741 F. App'x 108, 109 (3d Cir. 2018) (not precedential); *Shelley v. Patrick*, 361 F. App'x 299, 301 n.5 (3d Cir. 2010) (not precedential); *Spain*, 26 F.3d at 455–56. These factors include: (1) the extent of the party's personal responsibility; (2) the prejudice to the opposing party; (3) a history of dilatoriness; (4) whether the party acted willfully or in bad faith; (5) alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868.

None of the *Poulis* factors alone are dispositive, and they do not all "need to be satisfied to justify dismissal of a complaint for lack of prosecution." *Hildebrand*, 923 F.3d at 132 (citing *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008)). But because dismissal is a severe consequence, it should be "a sanction of last, not first, resort," and any doubts should be "resolved in favor of reaching a decision on the merits." *Id.* (quoting *Poulis*, 747 F.2d at 867, 869, then *Adams v. Trs. Of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 879 (3d Cir. 1994)). After careful review, I find that four of the six *Poulis* factors weigh in favor of dismissing this action. Accordingly, I will dismiss this action for failure to prosecute.

### A.    Extent of plaintiff's responsibility.

First, I find that Ms. Arvelo is responsible in part for the failure to prosecute this action. While Ms. Arvelo is not responsible for her counsel's initial failure to file a brief, the Order to Show Cause was mailed to Ms. Arvelo's address of record. Doc. No. 20 ("The Clerk of Court shall ensure that this Order is mailed to Plaintiff's address of record."). Ms. Arvelo can be held responsible for her failure to notify the Court of any issues with her attorney's representation or whether she wished to proceed with her case

after she received the Order to Show Cause. Therefore, the first *Poulis* factor weighs in favor of dismissal.

**B.     Prejudice to the defendant.**

Regarding the second *Poulis* factor, Ms. Arvelo's failure to file a brief of issues for review prejudices the Commissioner, who is unable to move this action towards a resolution. *See Charlton v. Comm'r of Soc. Sec.*, 2020 WL 6887886, at *2 (E.D. Pa. Nov. 24, 2020) (Heffley, J.). Because Ms. Arvelo has not stated the grounds for alleged errors committed by the ALJ, the Commissioner cannot respond to her claims. Therefore, the second *Poulis* factor weighs in favor of dismissal.

**C.     History of improper delay.**

Third, *Poulis* instructs me to examine whether plaintiff has consistently delayed the litigation. 747 F.2d at 868. The third *Poulis* factor weighs against dismissing the case because Ms. Arvelo does not have a history of dilatoriness. While Ms. Arvelo has not filed anything on the docket since this case was originally filed in January 2020, the Commissioner did not file the answer and electronic administrative record until December 2020 due to complications caused by the COVID-19 pandemic. Due to the sparse filings in this matter, I cannot say that Ms. Arvelo's conduct reflects a history of dilatoriness. Therefore, the third *Poulis* factor weighs against dismissal.

**D.     Plaintiff's willfulness or bad faith.**

With respect to the fourth factor, it is not clear that Ms. Arvelo's conduct suggests willfulness or bad faith. Ms. Arvelo has not filed anything on the docket since January 2020 and has failed to respond to the Order to Show Cause. But, these failures alone do not reflect a willful or bad faith attempt to delay these proceedings. Therefore, the fourth *Poulis* factor weighs against dismissal.

### E.      Alternative sanctions.

Alternative sanctions are unlikely to be effective even though Ms. Arvelo is represented by counsel. I find that it is unlikely that imposing any monetary or other sanctions on counsel would be effective when counsel has failed to respond to the Order to Show Cause and argue that this case should not be dismissed. If counsel is unwilling to respond to an order notifying her that this case will be dismissed without further action, I doubt that any other sanctions would elicit a response. Therefore, the fifth *Poulis* factor weighs in favor of dismissal.

### F.      Merits of the plaintiff's claims.

For the final factor, *Poulis* instructs that "[i]n considering whether a claim . . . appears to be meritorious for this inquiry, we do not purport to use summary judgment standards. A claim . . . will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." 747 F.2d at 869–70. Ms. Arvelo's Complaint does not state the grounds upon which she claims the ALJ erred, see Doc. No. 1, and she has not filed a brief listing these grounds. Consequently, I will review the ALJ's decision to see if there was any error in the opinion.

Under the deferential substantial evidence standard of review that applies in appeals from a decision of the Commissioner, I am not permitted to "weigh the evidence or substitute [my] conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). My review of the ALJ's decision does not reveal, on its face, that the ALJ did anything incorrectly in reviewing and weighing all of the evidence in Ms. Arvelo's case and coming to a decision pursuant to the laws and regulations of the Social Security Administration. *See* R. 35–43. Without any grounds to overturn the

ALJ's decision, I must assume that Ms. Arvelo's action is meritless. Therefore, the sixth and final *Poulis* factor weighs in favor of dismissal.

For the reasons listed above, four of the six *Poulis* factors weigh in favor of dismissing this action. Consequently, I will dismiss this action for failure to prosecute.

<u>**CONCLUSION**</u>

Based upon the discussion above, this action is dismissed for a failure to prosecute under Federal Rule of Civil Procedure 41(b).

**BY THE COURT:**

 *s/Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. Magistrate Judge**